JOHN SMITH, OR IN THE ALTERNATIVE, LUMBER MUTUAL CASUALTY INSURANCE COMPANY, A CORPORATION, PLAINTIFFS-APPELLANTS, v. INTERNATIONAL HOIST & MACHINE CO., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 24, 1938—Decided January 13, 1939.

For the defendant-respondent, *Cox & Walburg (Harry E. Walburg)*.

For the plaintiffs-appellants, *Avidan & Avidan (Alexander Avidan)*.

The opinion of the court was delivered by

WOLFSKEIL, J. The plaintiff appeals from a verdict directed against him by the trial judge at the close of the case in the Essex Circuit. The court below predicated the verdict upon its finding that the evidence was insufficient to impute any liability to defendant. The determination of the appeal therefore resolves itself primarily about the facts.

Plaintiff was employed by a firm called Holdsworth Bros., which was engaged in doing part of the construction on an apartment building that was being erected in Newark. Holdsworth Bros. leased from defendant a hoisting machine for raising materials to the various floors as the work progressed. The lease was in writing, and it evidenced a bailment of the

article. The machine was delivered by defendant to Holdsworth Bros. in detached form, and that company, not the defendant, assembled the machine, affixed it to the building, and operated it. Plaintiff's task was to fill the bucket in the hoist with plaster, after which the bucket and contents would be lifted by the apparatus to the desired floor of the building.

In the testimony the mechanical and technical parts of the hoist were described in detail, including the head or crosspiece, referred to also as the top support, being the part fastened to the building, and which had to sustain the weight of the lift. This part became disengaged from the building while the hoisting machine was being used to raise materials, falling from a height of approximately fifty-four feet, striking plaintiff and causing the injuries which occasioned the suit.

It is to be observed that plaintiff did not bring suit against Holdsworth Bros., who assembled, installed and operated the hoist, but against defendant, International Hoist & Machine Co., which had no relations or privity with plaintiff, and only rented the hoist to plaintiff's employers.

No clear-cut explanation of the reason for the accident was presented. An endeavor was made to show through a witness for plaintiff that too great stress was placed on certain lag screws and nails which helped to keep the head piece attached to the building, and that when an excess beyond an indicated load was reached, these would be pulled away from the building; and the apparatus, losing its support, would then fall. That testimony was hypothetical, and its effect was negatived by the admission that the failure on the part of the persons erecting the hoist, namely, plaintiff's employers or their workers, to put in place two lag screws on the right arm of the outrigger, could have been the primary cause of the accident.

Plaintiff sought to connect defendant with the assemblage and operation of the machine, through one Sill, an employe of the defendant. But this fell short of success. The proofs showed that Sill was present at the first installation to give advice if required, but that he was not in charge, had no

control or responsibility, and that at the subsequent times when the hoisting machine was affixed to the building and placed in operation, particularly at the time and place when the accident occurred, the assembling, affixing and operation were handled solely by plaintiff's employers, without any intervention of defendant. Careful reading of the testimony discloses no evidence through which the failure of the hoist to operate safely could be ascribed proximately or even inferentially to defendants.

Within the pleadings, and as the case was tried, the only ground upon which a claim against defendant could have been sustained was a charge that defendant furnished a machine inherently inadequate or defective in design, incapable of operating safely, coupled with failure of defendant to give information as to its shortcomings, thus breaching the reliance plaintiff would have a right to place on the reasonable suitability of the machine for the work intended for it. Plaintiff's complaint is actually grounded on such a theory, and his appeal is substantially on the refusal of the court to permit the jury to pass on whether the claim in this regard was sustained. Plaintiff argues that if there is any basis upon which a jury could reasonably find for the plaintiff, a direction of verdict for defendant is error, and that a bailor is obligated to use due care to have the bailed article in proper condition for the work for which it is designed. Plaintiff needs to go farther than the statement of categorical law. He must affirmatively present proofs to bring his claims within that law. Inference without proof is not enough, nor will it suffice if there is the ventured statement of an expert that there might have been a different result if some other mode of assemblage had been followed. *Fukari* v. *Kerbaugh*, 72 *N. J. L.* 254.

On the question of fact as to such obligation of defendant, there was no testimony to indicate defect in design of the hoist, nor weakness or inadequacy of its structural parts, nor any inherent deficiency or lack in the machine itself with respect to the work for which it was intended in the hands of bailee. The statement was made by plaintiff's expert wit-

ness that there is no standard hoist. Instead of exhibiting or implying any defect in the machine, the evidence showed inspection previous to the renting of the machine, successful usage for many years, and satisfactory operation on this building itself in different places and at various times before the accident. So far as the testimony goes, the accident was unattributable to anything in the machine itself, and hence was on this theory unattributable to defendant.

Finding as we do, that no evidence was produced by plaintiff to support his allegation of negligence on the part of defendant with respect to any duty owing from defendant to plaintiff, the result must lead to an affirmance of the trial court's direction and to a dismissal of this appeal.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, WALKER, JJ. 13.

*For reversal*—HEHER, PERSKIE, RAFFERTY, JJ. 3.